UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL WAYNE KAEHR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv114 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act

through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since June 16, 2012, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: L4-5 and L5-S1 stenosis, status post forminotomies and partial hemilaminectomy in April 2015; right rotator cuff tendinopathy; mild right knee osteoarthritis; left knee degenerative changes, status post remote partial patellectomy; and, history of hypoglycemia (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1426, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: alternate to standing for five minutes after every 60 minutes of sitting; alternate to sitting for five minutes after every 30 minutes of standing; alternate to sitting for five minutes after every 30 minutes of walking; frequent bilaterally reaching, including overhead; never climb ladders, ropes, or scaffolds; never kneel or crawl; occasionally climb ramps and stairs, balance, stoop, and crouch; and, frequent unprotected heights and moving mechanical parts.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on October 21, 1972, and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national

economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 16, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 22- 34).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on September 12, 2017. On October 24, 2017, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162

n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).  From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff was born in 1972 and has a GED.  He worked in the past as a welder, auto mechanic, construction project assistant, press operator, and metal fabricator (Tr. 33). He alleged that he became disabled as of June 16, 2012 (Tr. 20), when he was 39 years old (Tr. 33). He alleged that he was disabled by osteoarthritis in the knees and hands with Raynaud's phenomenon, congenital vertebral/lumbar spine problems, shoulder injuries with bilateral rotator cuff syndrome, and generalized anxiety disorder with panic attacks (Tr. 266).

In support of remand or reversal, Plaintiff argues that the ALJ improperly weighted the opinions of consultative examining physician Dr. Bacchus and examining physician Dr. Greenman regarding his functional limitations.  Plaintiff also argues that the Appeals Council erred by finding that his later-submitted evidence was chronologically irrelevant.

Plaintiff argues that the ALJ's resolution of the conflicting medical opinions as to his functional limitations was illogical. It is the ALJ's province to resolve conflicts in the evidence. "When… physicians present conflicting evidence, the ALJ may decide whom to believe, so long as substantial evidence supports that decision. *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996)." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001).

There were multiple conflicting medical opinions as to Plaintiff's functional limitations. In May 2014, examining physician Dr. Bacchus evaluated Plaintiff and opined that he "appear[ed] to have limitations in… repetitive or prolonged squatting, kneeling, crawling, climbing, walking on uneven ground, and repetitive overhead lifting and reaching…. [H]e should avoid operating heavy or dangerous equipment, climbing ladders or working in unprotected heights" (Tr. 384).

Later that month, non-examining State agency physician Dr. Corcoran reviewed the existing evidence and opined that Plaintiff could perform light work with occasional climbing of ramps/stairs, balancing, stooping, and crouching; no climbing of ladders/ropes/scaffolds, kneeling, or crawling; and should avoid concentrated exposure to hazards such as machinery and heights (Tr. 97-99). In July 2014, State agency physician Dr. Fife reviewed the evidence and agreed with Dr. Corcoran, opining as to the same limitations (Tr. 120-22). In September 2014, examining physician Dr. Greenman evaluated Plaintiff and opined that he was "[u]nable to work" because of, inter alia, "pain, weakness left knee, cannot bend, lift, climb stairs, has given way, poor balance and gait" (Tr. 472).

In addition to the medical opinions as to functional limitations, the evidence documented Plaintiff's complaints of various pains (*e.g.*, Tr. 384) as well as back surgery in April 2015 (Tr. 421-22). Post-surgery, at discharge, Plaintiff was told, "No driving for one week" and "No lifting > 15 lbs for one month" (Tr. 420).

Resolving the conflicting medical opinions and other evidence, the ALJ found that Plaintiff's medical problems limited him to "sedentary" work (as defined at 20 C.F.R. §§ 404.1567(a), 416.967(a)), with the need to alternate sitting and standing (i.*e.*, to stand for 5 minutes 60 minutes of sitting and to sit for 5 minutes after 30 minutes of standing/walking); no more than frequent bilateral reaching (including overhead reaching; no climbing of ladders, ropes, or scaffolds; no kneeling or crawling; only occasional climbing of ramps/stairs, balancing, stooping, or crouching; and no more than frequent exposure to unprotected heights and moving mechanical parts (Tr. 27).

The ALJ's findings, as to Plaintiff's functional limitations, were clearly supported by the

6

opinions of Drs. Bacchus, Corcoran, and Fife (*see* Tr. 33 (ALJ accorded Dr. Bacchus' opinion "great weight"), 32 (ALJ explaining his consideration of the opinions of Drs. Corcoran and Fife)). All of those opinions expressed greater functionality than ultimately found by the ALJ. Based on Plaintiff's later medical history and subjective symptoms, the ALJ explained that he found Plaintiff to be more limited than originally opined by Drs. Bacchus, Corcoran, and Fife (*see* Tr. 32-33). This evidence, as detailed in the ALJ's decision, constituted substantial evidence supporting the ALJ's findings and decision.

Plaintiff argues that the ALJ's reliance on Dr. Bacchus' unfavorable opinion was "illogical" because that opinion was earlier than other opinions and preceded his back surgery (Pl. Brief 13). Plaintiff's attempt to discredit Dr. Bacchus' opinion is disingenuous. Plaintiff claimed that he was disabled since June 16, 2012 (Tr. 20), before any of those opinions and long before his back surgery, so Dr. Bacchus' opinion was, in fact, relevant. Moreover, the evidence does not contain any post-surgical medical opinion of persistent, disabling functional limitations.

Plaintiff argues that the ALJ's rejection of Dr. Greenman's favorable opinion was "also illogical" (Pl. Brief 13). However, as noted by the ALJ, Dr. Greenman's opinion was inconsistent with other evidence (including Plaintiff's own reports), was unsupported, and was based on Plaintiff's pain (Tr. 31-32). As the Commissioner notes, the ALJ found that Plaintiff's statements about his symptoms, including pain, were not entirely credible, and Plaintiff does not challenge the ALJ's finding on that point.

Plaintiff also criticizes the ALJ's "treatment of the surgeon's opinion that was issued shortly after surgery" (Pl. Brief 13). That post-surgery opinion merely stated, "No driving for one week. No lifting > 15 lbs for one month" (Tr. 420). It did not establish any persistent,

work-related functional limitations. Plaintiff further accuses the ALJ of "play[ing] Doctor," but does not identify any objectionable statements by the ALJ (Pl. Brief 14). Rather, Plaintiff argues that the ALJ misinterpreted the post-surgery evidence and then offers his own medical interpretation: "Typically, orthopaedic surgeons wait to issue permanent limitations after maximum medical improvement or quiescence has been reached" (Pl. Brief 13). Clearly, Plaintiff's alternative interpretation of the evidence is unhelpful and cannot invalidate the ALJ's interpretation. Additionally, as the Commissioner notes, to the extent Plaintiff claims that the opinion did not speak to his long-term functionality after the surgery, it was Plaintiff's statutory burden to produce evidence of disability. 42 U.S.C. § 423(d)(5)(A). Plaintiff has failed to meet his burden.

Likewise, to the extent Plaintiff suggests that the ALJ should have waited before adjudicating Plaintiff's disability claim (see Pl. Brief 14 ("It was too soon to make medical judgments…")), Plaintiff has cited no authority for such a suggestion. The ALJ properly rendered a decision based on the evidence before him. Plaintiff appears to concede that he did not produce evidence of persistent, post-surgical functional limitations that prevented him from working during the relevant period. If there is later evidence of disability, Plaintiff's proper remedy would be to file a new application for benefits, based on that later evidence. *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008).

This Court rejects Plaintiff's invitation to re-weigh the evidence and finds that substantial evidence supports the ALJ's findings as to Plaintiff's functional limitations.

Plaintiff next argues that the Appeals Council improperly considered the evidence Plaintiff submitted in support of his request for administrative review of the ALJ's decision. A

claimant may submit additional evidence to the Appeals Council in support of a request for review of an ALJ's decision. 20 C.F.R. §§ 404.970(b), 416.1470(b). The Appeals Council "shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ's decision]." *Id.* "Medical evidence postdating the ALJ's decision, unless it speaks to the patient's condition at or before the time of the administrative hearing, could not have affected the ALJ's decision and therefore does not meet the materiality requirement." *Getch*, 539 F.3d at 484. A reviewing court "evaluate[s] *de novo* whether the Appeals Council made an error of law in applying this regulation; absent legal error, however, the Council's decision whether to review is 'discretionary and unreviewable.' *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997)." *Getch*, 539 F.3d at 484.

In the present case, Plaintiff refers to a May 9, 2016 MRI scan of his back and a July 5, 2016 "treating physician's 'history and physical report'" (Pl. Brief 14). Plaintiff apparently refers to Tr. 12 (June 6, 2009 MRI of lumbar spine) and Tr. 9-11 (July 5, 2016 report from a Dr. Lindzy). As the Commissioner correctly points out, Plaintiff's reliance on these documents fail for three reasons.

First, the ALJ's decision issued on December 31, 2015 (Tr. 34), thus the Plaintiff's later-submitted evidence was issued approximately 6 and 7 months after the ALJ's decision, respectively. That evidence did not contain any medical opinion as to Plaintiff's functional limitations during the relevant period. Therefore, the Appeals Council properly concluded that the evidence was not chronologically relevant (Tr. 2 ("This new information is about a later time")). Consequently, this Court holds that the Appeals Council did not err in its application of the relevant regulation, and its decision not to review the ALJ's decision is judicially unreviewable,

9

per *Getch*, 539 F.3d at 484.

Second, to the extent Plaintiff seeks to rely on his later-submitted evidence as evidence of disability, the appropriate remedy for him is to file a new application for benefits, based on that later-submitted evidence. *Getch*, 539 F.3d at 484.

Third, chronological relevance notwithstanding, Plaintiff apparently claims that Dr. Lindzy was a "treating physician" (Pl. Brief 14), whose opinion presumably would have been entitled to special consideration under 20 C.F.R. §§ 404.1527, 416.927. However, Plaintiff has failed to show that Dr. Lindzy was a "treating source," as defined at 20 C.F.R. §§ 404.1502, 416.902, who, *inter alia*, had "an ongoing treatment relationship" with Plaintiff. In any event, Plaintiff has failed to explain why the alleged status as a treating source was relevant at all, as Plaintiff has not identified any medical opinion, by Dr. Lindzy, of any disabling functional limitations. As noted above, if Plaintiff wishes to rely on any later-submitted evidence, his proper remedy is to file a new disability claim based on that evidence. There is no issue here for remand. Accordingly, the decision of the ALJ will be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: January 10, 2018.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court